No. 7703.

## S. E. VANCE ET AL. VS. J. D. CAWTHON, SHERIFF, ET AL.

On the trial of a motion to dissolve an injunction on the face of the pleadings, every allegation of the petition of the plaintiff in injunction is admitted to be true.

A beneficiary heir, who has only a residuary interest in the succession, may enjoin the seizure and sale of succession property when it is admitted the debt due the seizing creditor has been paid.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Boarman*, J.

*Wise & Herndon* and *Duncan & Moncure* for plaintiffs and appellees.

*T. T. & A. D. Land* for defendants and appellants.

---

Wise & Herndon and Duncan & Moncure, for plaintiffs and appellees, contended:

The law gives to every person a right to claim judicially what is due or belongs to him. When the creditor has against his debtor a title importing a confession of judgment, he is entitled to have the hypothecated property seized immediately and sold for the payment of his debt. Art. 732, C. P., enumerates the cases in which this summary process may be resorted to, and articles 734-5-6-7 prescribe the mode of conducting it.

The defendants in this case are strictly within the purview of all these provisions ; their act of mortgage imports confession of judgment, and in suing out executory process they have strictly conformed to all the requirements of the law. Their right to pursue this remedy can only be arrested or interfered with *by the debtor* or third possessor, and that only in certain enumerated cases.  C. P. 739 and 749. The right to an injunction is nowhere accorded to creditor, even though he is in possession of a prior mortgage or privilege on the same property. It is not one of the grounds mentioned in article C. P. 296 and following.

The defendants are doing nothing here that the law does not give them a right to do, and if perchance their act should operate to the detriment of the plaintiff, it would be *damnum absque injuria.* But even this the law has carefully provided against in articles C. P. 683, 684, 685, and in article 395 and following, which gives her the right to proceed by third opposition against the proceeds of the sale.  7 N. S. 277 ; 5 R. 496 ; 9 R. 256 ; 10 R. 28, 457 ; 25 A. 736 ; 19 A. 59, 62, 132 ; C. C. 1032, 1054, 1058.

T. T. & A. D. Land, contra, contended :

First—That the *causes or grounds of injunction* set forth in the petition are good and sufficient in law, is too clear for dispute.  The extinguishment of the debt by *payment or in any other legal manner* justifies an injunction by the debtor, which will be granted on affidavit without bond.  C. P. arts. 739, 740, and 15.

Second—Creditors, when necessary to protect their interests, may intervene in suits, plead prescription and other defenses, accept a succession, sue to annul sales and contracts made by their debtor, and may sue one in possession of succession property to compel its delivery to the administrator.  2 A. 782 ; 30 A. 160 ; 31 A. 493.

---

The opinion of the court was delivered by

DeBlanc, J.  On the 13th of April 1877, Samuel Whitfield Vance subscribed a note, in and by which he promised to pay to the order of the firm of Raphaël Kahn & Co. on the 1st of February 1878, the sum of $12,413 40, for necessary supplies, wares and merchandise, which—at the date of the note—had been partly furnished, and *were to be furnished,* to assist him in raising, on two of his plantations, crops of cotton and corn.

To secure the payment of the advances made and *to be made* by Raphaël Kahn & Co., Vance gave them, on the 13th of April 1877, a mortgage on lands which he owned in the parishes of Caddo and Bossier, and shortly after—on the 18th of May of that year—he died.  His

widow qualified as the executrix of his will, and—on the 14th of June 1878—she, in that capacity, acknowledged, in a notarial act, that the succession of her husband, was—at the date of the acknowledgement—indebted to Raphaël Kahn & Co., on the note which he had delivered to them in April 1877, for a balance of $5405 68.

On the 11th of December 1878, relying on said mortgage and acknowledgment, Raphaël Kahn & Co., obtained from the judge of the 10th district, an order commanding the seizure and sale of the hypothecated property, and the execution of that order was enjoined by Mrs. Sarah E. Vance on several grounds, two of which are :

1. That she is one of the beneficiary heirs of said deceased, and—besides—the creditor of his succession, with legal mortgage, for a claim recognized by a judgment, and which exceeds one hundred thousand dollars.

2. That the note sued upon *has been paid*, and the mortgage sought to be enforced extinguished by that payment.

On motion of defendants' counsel, plaintiff's injunction was dissolved, because—as contended—her allegations did not authorize the issuance of said injunction ; and she and the surety on her bond were condemned to pay special and general damages. They appealed.

Defendants admit that the only question raised and presented by their motion, is " whether or not the grounds set forth for the injunction are, of themselves, sufficient to justify it ; " but they add : " we have nothing to do with that part of the prayer of the petition, which asks for judgment decreeing the extinguishment of the debt due defendants," this—in their opinion—"being a question not to be inquired into in a collateral proceeding, like this."

For the purposes of the trial of their motion to dissolve on the face of the papers, defendants have admitted as true *every one of the allegations* on which plaintiff has based the injunction, and two of those allegations are that she is a beneficiary heir of Samuel Whitfield Vance and a creditor of his succession, and that defendants' claim has been fully satisfied.

We are told that, as beneficiary heir, she is entitled to but a residuary interest in the estate. That is not disputed ; neither can it be successfully disputed that, as such, she can—by injunction--prevent one who is not, or who has ceased to be a creditor of the estate, from selling its property, under executory process, to satisfy a claim admitted to have been paid, and a mortgage extinguished by that presumed payment.

We do not contest the correctness of the authorities cited by defendants' counsel, but they are not applicable to this case. They would be applicable, if plaintiff were merely asking to be paid, by preference,

out of the proceeds of the enjoined sale. Her remedy would then be by third opposition, or by opposition to the account of the executrix; but she asks more than she could have secured by such a remedy : she denies the very existence of defendants' claim and mortgage, and charges that they could not legally have obtained an order to sell, on their own conditions—and to her detriment as a beneficiary heir and creditor of the deceased—property which is, in no way, subject to their writ.

If what she charges be true, and—under the pleadings—we are bound to consider it as true, we are at a loss to imagine how we could justify the dissolution of an injunction which—if sustained by proper evidence—would prevent defendants, who—it is tacitly admitted—are not the creditors of the succession of Vance, from selling—as its creditors—the property of that succession, and from receiving—as such—the proceeds of an illegal sale. To do that, we would have, considering that admission, to countenance and sanction that which, until now, we can regard but as attempt to perpetrate a wrong. 30 A. 160 ; 31 A. 493.

It is, therefore, ordered, adjudged and decreed that, as to both plaintiff and the surety on her injunction bond, the judgment appealed from is annulled, avoided and reversed, the dissolved injunction re-instated, and this case remanded to the lower court, there to be proceeded with according to law ; the costs of the appeal to be paid by defendants.